Haight, J.
On the fifteenth day of 'May, 1880, one J. F. Johnson was the owner in fee of the lands in question, and on that day leased to one Thomas Argue, for the period of twelve years, the exclusive right to produce oil and gas from the same. Afterwards, and on the second day of October, 1880, Argue sold and assigned his interest in the lease to Albert Garrett and Adam Prentice. Thereafter, and on the seventh day of January, 1881, Adam Prentice, to secure the payment of $950.50, executed and delivered to the plaintiff a mortgage upon his undivided interest in the lease, together with all the oil wells, machinery and structures thereon, and those to be placed thereon.
A copy of this mortgage was on the tenth day of January, 1881, filed in the office of the town clerk of Olean, that being the clerk’s office of the town in which the premises were situated, and on the seventh day of January, 1882, the same was refiled, together with a statement of the amount due thereon. On the twenty-fourth day of August, 1882, Garrett and Prentice sold and assigned all their rights under the lease to the defendants, Alford and Curtis. Thereafter and on the sixth day of October, 1882, the plaintiff caused the mortgage to be recorded in the county clerk’s office as a real estate mortgage. Subsequently the defendants, Alford and Curtis, sold and assigned their interest in the lease to the defendant, Weston.
The appellant claims that the instrument was a chattel mortgage and that it was not a mortgage of an interest in *618 real property. The question whether or not it was a mortgage of an interest in real estate, we shall dismiss with a single remark without discussion or further consideration. It does not appear that it was ever acknowledged or its execution proved so as to entitle it to record, and it was not in fact recorded until after the defendants Alford and Curtis had purchased in good faith, paying a valuable consideration for the premises.
The referee has found, and upon sufficient evidence to support it, that the mortgage was filed as a chattel mortgage in the proper town clerk’s office, and within thirty days of the expiration of the year it was refiled with the statement required by the statute. Such filing was constructive notice to the defendants who were subsequent purchasers, and the mortgage continued to be a good and valid lien upon the property therein described.
The serious question presented on this review is whether or not the mortgage become a lien upon the wells, fixtures, boilers and machinery that were subsequently put upon the leasehold premises.
The lease required a certain number of wells to be drilled within certain fixed times. When the lease was assigned to Garrett and Prentice, Johnson, .the lessor, extended the time within which these wells were to be drilled, and they in turn entered into an agreement to put down other wells within the time designated. Prentice, in his mortgage to the plaintiff, not only mortgaged all his right, interest, claim or title in the leasehold premises, but also mortgaged all his interest in the oil wells on or to be placed thereon, together with all his interest in the structures, fixtures, appliances, equipments and appurtenances then on or thereafter to be placed thereon.
He then covenanted that he would perform each and every condition and requirement of the lease, according to its true tenor and spirit. In other words he agreed with the plaintiff to go on and put down the wells required by the lease, and the agreement with the lessor extending the time and to give the plaintiff a lien by this mortgage upon such wells, structures, fixtures, and appliances. The defendants Alford and Curtis after táking an assignment of this lease from Garrett and Prentice, entered into possession and performed its conditions and requirements by putting down the wells therein called for. In doing so they but carried out the covenant of Prentice, embraced in his mortgage to the plaintiff. But they contend that they did not know of the plaintiff’s mortgage. It appears that they went to the town clerk’s office and made a search and did not discover it. But it further appears that the mortgage was there on file and their failure to discover it was no fault of the plaintiff. They are consequently chargeable with constructive notice and the lien of the plaintiff is not affected by their failure to find the mortgage.
*619 We consequently conclude that the referee correctly held that the lien of the mortgage extended to the wells, fixtures and appurtenances put upon the premises in accordance with the requirements of the lease after the making and delivery of the mortgage.
It is contended on the part of the appellant that there had been a forfeiture of the lease by Garrett and Prentice before the assignment to Alford and Curtis. But Johnson, the lessor, has not insisted on any forfeiture; he has, instead, extended the time for performance under the lease, thus waiving any forfeiture thereto. J ohnson only has the right to insist upon the forfeiture, and he makes no such claim. The appellants are in possession operating the territory under the lease, without question as' to their right so to do, and they can not defeat the plaintiff’s claim by insisting that Johnson had the right to insist upon a forfeiture.
The referee admitted in evidence an index of chattel mortgages kept in the town clerk’s office, under the objection of the defendant. It does not appear to us necessary to determine whether or not this was competent evidence. It was conceded that there was nothing in the index in reference to the refiling of the mortgage on the 7th of January, 1882. The filing of the mortgage on the 10th of January, 1881, was satisfactorily proved by other competent evidence. The mortgage would become invalid as against creditors and subsequent purchasers in good faith, if not refiled within thirty days of the expiration of the year. It was consequently necessary in order to maintain the validity of this mortgage as a lien upon the appellant’s property to find that it was refiled, which the referee has done. The fact that nothing appeared in this index tending to prove that it had been refiled, rendered the index harmless as evidence.
The judgment should be affirmed, with costs.
Smith, P. J., and Bradley, J., concur.